UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGIA HORNER and RICHARD
HORNER,

        Plaintiffs,

v.                                Case No:  8:25-cv-00607-JLB-LSG

CAPITAL RESORTS GROUP, LCC
d/b/a CAPITAL VACATIONS CLUB,
INC.,

        Defendant.

_____/

## **ORDER**

Plaintiffs Georgia and Richard Horner sue Defendant Capital Resorts Group, LLC ("Capital"), alleging thirteen claims based on three alleged timeshare purchases.  (Doc. 1-1).  Capital moves to dismiss for failure to state a claim. (Doc. 8).  Plaintiffs filed a response (Doc. 12), and Capital replied (Doc. 16).  Upon review, Capital's Motion to Dismiss (Doc. 8) is **GRANTED**.  Plaintiffs' Complaint (Doc. 1-1) is **DISMISSED** without prejudice**.**

## BACKGROUND[1]

Plaintiffs allege that they executed three timeshare purchase agreements with Capital and its agents over a ten-year period. (*Id.* at ¶ 8). The first two purchases occurred on August 7, 2010, and August 12, 2013, in Branson, Missouri, and the final purchase occurred on September 26, 2020. (*Id.*). Plaintiffs allege that this final purchase novated the two prior purchases, (*id.* at ¶ 10). Thus, the final purchase is the focus of Plaintiff's Complaint. (*See id.*).

On September 26, 2020, Plaintiffs assert that they attended a four-hour sales presentation with three of Capital's sales representatives. (*Id.* at ¶¶ 13–14). During this presentation, Capital's sales representatives advised Plaintiffs that a timeshare would be a good investment that they could pass on to their children one day. (*Id.* at ¶¶ 18–19).

After that presentation, Plaintiffs signed a timeshare purchase agreement with Capital. (*See id.* at ¶ 24). Plaintiffs have many grievances with how this signing unfolded. (*Id.* at ¶¶ 15–28). For starters, Plaintiffs complain that it took them only ten to fifteen minutes to sign the agreement. (*Id.* at ¶ 15). They allege that Capital did not allow them to read the documents they were signing and provided only brief explanations for each document. (*Id.* at ¶¶ 20–21). Moreover, Plaintiffs allege that Capital took the signed documents from them and never

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1-1).

provided the copies it promised them. (*Id.* at ¶ 24–27). Plaintiffs also claim that Capital failed to provide them with a multistate timeshare public offering statement, as required by Florida law. (*Id.* at ¶ 36). Finally, they claim that Capital concealed certain provisions of the contract, including its arbitration, anti-class-action, choice-of-law, and venue provisions. (*Id.* at ¶ 30). Plaintiffs assert that one of these hidden provisions made Plaintiff's children financially liable for the timeshare contract after Plaintiffs' deaths. (*Id.* at ¶¶ 21, 29, 95). Plaintiffs contend that the results of these "high pressure sales tactics" left them feeling "frustrated, confused, and mentally stressed out." (*Id.* at ¶ 22).

Plaintiffs allege that, in November 2023, they discovered that the timeshare was worthless, that there were restrictions on reserving and booking timeshare accommodations, and that the contract purported to bind Plaintiffs' children after Plaintiffs' deaths. (*Id.* at ¶¶ 32–34). They filed this lawsuit in Florida state court on January 29, 2025, which Capital timely removed to federal court. (*See* Docs. 1, 1-1 at 2). Plaintiffs' Complaint asserts several common law fraud and negligence claims, as well as claims under both Florida and federal statutes. (*See* Doc. 1-1).

Capital moves to dismiss. (Doc. 8). Plaintiffs filed a response that argues dismissal is not proper under *Florida state* procedural law (Doc. 12), and Capital replied (Doc. 16).

## LEGAL STANDARD

As an initial matter, the Federal Rules of Civil Procedure govern the procedure in all civil cases removed to the United States district courts. Fed R. Civ.

P. 1; Fed. R. Civ. P. 81(c)(1).  Contrary to Plaintiffs' suggestion, Florida state procedural rules do not apply in this context.  *See* Fed. R. Civ. P. 81(c)(1).  Thus, the Federal Rules of Civil Procedure, and namely, Rule 12(b), govern this Court's consideration of Capital's motion to dismiss.  *See* Fed. R. Civ. P. 12(b).

Having noted that basic principle, Federal Rule of Civil Procedure 12(b)(6) permits a complaint to be dismissed for failure to state a claim upon which relief can be granted.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Twombly*, 550 U.S. at 555.  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See id.* at 570.  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Under federal law, "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

## DISCUSSION

Here, Plaintiff's Complaint (Doc. 1-1) is an impermissible shotgun pleading. Federal Rules of Civil Procedure 8(a)(2) and 10(b) require Plaintiffs to present their claims "discretely and succinctly" so that both the opposing parties and court may determine "which facts support which claims and whether the [plaintiffs have] stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Weiland*, 792 F.3d at 1320 (citation omitted). Complaints that do not do this are known as "shotgun pleadings." *Id.* "[A] District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

There are four types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. First, there are those that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Second, there are those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third

are pleadings that do not separate each cause of action or claim into its own separate count, and fourth are those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23.

This case features the first type of shotgun pleading. Of the thirteen counts in the Complaint, nine reallege prior counts. (Doc. 1-1 at ¶¶ 64, 80, 100, 113, 122, 135, 151, 177, 196). Consequently, neither Capital nor the Court can readily discern which specific factual allegations form the foundation for each count. While Plaintiffs filed a response to Capital's motion, their response completely fails to respond to Capital's shotgun-pleading argument. (Doc. 12). Instead, Plaintiffs cite Florida procedural law, which does not apply here. (*See id.*); Fed R. Civ. P. 1; Fed. R. Civ. P. 81(c)(1). Accordingly, Plaintiffs' Complaint is dismissed as a shotgun pleading.

The Court acknowledges Capital's filings in this case, directing the Court's attention to numerous filings by Plaintiffs' counsel of record, Stephanie Parsons, which were filed during Attorney Parsons's prior employment with the Timeshare Law Firm. (*See* Doc. 10). Based on Plaintiffs' counsel's representations, the Timeshare Law Firm is no longer operating and its owner, John Abrams, is no longer a member in good standing of the Florida Bar. The Court also takes judicial notice of a case filed in the Tampa Division of this Court, which, for all intents and purposes, is identical to this case and suffers from the same overall legal infirmities

as this case.  *See Shull v. Capital Resorts Group*, LLC, Case No. 8:24-cv-2667-MSS-SPF.  The Court has deep concerns over the frivolity of this litigation.  The Court acknowledges Capital's pending motion for sanctions and will address the motion in due course.  (*See* Doc. 26).

Next, **Attorney Stephanie Parsons** shall file a notice within **21 days of the date of this Orde**r, stating (1) whether another attorney is representing Plaintiffs, and, if so, the name and contact information for that attorney, and (2) if she has contact information for Plaintiffs Georgia and Richard Horner.  Lastly, to conserve the parties' and the Court's resources, the Court **STAYS** this case and all pending deadlines set forth in the operative case management scheduling order. The Court will, however, carefully monitor the case and provide further direction. Should the parties desire to bring anything to the Court's attention, they, of course, may do so with an appropriate **filing** with the Court.

Accordingly, it is **ORDERED** that:

1. Defendant Capital Resorts Group, LLC's Motion to Dismiss (Doc. 8) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. 1-1) is **DISMISSED without prejudice**.

3. The Court grants Plaintiffs leave to file an amended complaint.  The Court, however, will not provide a deadline for the filing of an amended complaint—if Plaintiffs desire to continue this litigation—

until Attorney Parsons files a Notice in this Court addressing the Court's inquiry on page seven (7) of this Order.

4. The Court orders the Clerk to **STAY** and place a **STAY FLAG** on this case until further order of this Court.  The Court further orders the Clerk to **ADMINISTRATIVELY CLOSE** this case until further order of the Court.

5. **ALL DEADLINES** outlined in the operative case management scheduling order **are STAYED** until further order of the Court.

**ORDERED** in Tampa, Florida, on March 17, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE