UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGIA HORNER and RICHARD HORNER,

Plaintiffs,

v. Case No: 8:25-cv-00607-JLB-LSG

CAPITAL RESORTS GROUP, LLC d/b/a CAPITAL VACATIONS CLUB, INC.,

Defendants.
_______________________________________/

**ORDER**

This cause comes before the Court on Defendant Capital Resorts Group, LLC's ("Capital's") Motion for Sanctions (Doc. 26) against the Timeshare Law Firm LLC. While the Plaintiffs Georgia and Richard Horner's underlying claims in this case have been dismissed (Doc. 49), the Court has jurisdiction to rule on Capital's motion for sanctions as a collateral matter. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). Pursuant to Federal Rule of Civil Procedure 11(c)(2), Capital seeks sanctions against the Timeshare Law Firm for filing this lawsuit because Capital argues that Plaintiffs' claims were frivolous and that the Timeshare Law Firm failed to conduct a reasonable pre-suit investigation. (Doc. 26). Ms. Stephanie Parsons, the attorney who previously represented Plaintiffs on behalf of the Timeshare Law Firm, filed a response (Doc. 29), and Capital replied

(Doc. 33). Upon careful review, the Court concludes that Capital's Motion for Sanctions (Doc. 26) is due to be **DENIED**.

**BACKGROUND**

This case is one of many substantially identical lawsuits that the Timeshare Law Firm has filed within the Middle District of Florida and in the Florida state courts over the last year. (*See* Docs. 1-1, 10).

On January 19, 2025, Ms. Parsons, an attorney for the Timeshare Law Firm, filed the Complaint (Doc. 1-1) in Florida state court on behalf of Plaintiffs Georgia and Richard Horner. The Plaintiffs asserted a total of thirteen claims against Capital, alleging that Capital committed fraud and violated Florida statutes by selling Plaintiffs an allegedly worthless timeshare. (*Id.*). On March 13, 2025, Capital removed the case to federal court. (Doc. 1).

Seven days later, on March 20, 2025, Capital moved to dismiss Plaintiffs' Complaint for failure to state a claim. (Doc. 8). Capital argued that Plaintiffs' Complaint should be dismissed as a shotgun pleading because each count realleged all preceding paragraphs. (*Id.* at 5–7). Capital also argued that Plaintiff's claims failed to satisfy Federal Rule of Civil Procedure 9(b) and that they were (1) pleaded under Florida law when Missouri law governed, (2) time-barred, (3) not based on a private right of action, (4) seeking relief for legally impossible injuries, (5) pleading remedies and not causes of action, and (6) implausible in light of the many copycat complaints that the Timeshare Law Firm had filed in similar cases. (*Id.* at 7–25).

On April 8, 2025, Ms. Parsons filed a response in opposition. (Doc. 12). That response inexplicably argued that the Florida Rules of Civil Procedure governed the pleading standards for Plaintiffs' Complaint and that the Plaintiffs were not required to plead their fraud claims with specificity. (*Id.* at 2–6). Ms. Parsons further contended that Florida law governed Plaintiffs' claims based on the timeshare contract's choice of law provision and that Plaintiffs' claims had been timely brought because of delayed discovery. (*Id.* at 6–8). In the entirety of Ms. Parsons's response, she never addressed Capital's shotgun pleading argument. (*See id.*).

Five months later, on September 26, 2025, Capital filed the instant motion for sanctions (Doc. 26). Capital's motion argues that Plaintiffs' claims were frivolous and that the Timeshare Law Firm would have discovered that frivolousness if it had conducted a sufficient pre-suit investigation pursuant to Federal Rule of Civil Procedure 11. (*Id.*).

On October 23, 2025, Ms. Parsons filed a response (Doc. 29). Ms. Parsons explained that she had resigned from the Timeshare Law Firm on May 7, 2025, after discovering that the firm's owner, Mr. John Abrams, was not authorized to practice law. (*Id.* at 1). While she had planned to conclude her representation of the firm's clients by June 1, 2025, no attorney appeared to replace her. (*Id.* at 1–2). By that time, she was left without access to the Timeshare Law Firm's email or client information, and she had retained her own legal counsel to advise her on how to proceed. (*Id.* at 2). Ms. Parsons relayed that on September 18, 2025, Mr. John

Abrams dissolved the Timeshare Law Firm. (*Id.* at 6). Based on those circumstances, she requested that she not be sanctioned. (*Id.* at 12–13). On November 13, 2025, Capital filed a reply (Doc. 33) in support of its motion for sanctions.

On March 17, 2026, the Court dismissed Plaintiffs' Complaint (Doc. 1-1) as a shotgun pleading. (Doc. 41). In keeping with the parties' representations, the Court stayed the case and ordered Ms. Parsons to file a notice with the Court to provide information regarding the Plaintiffs' representation and their most recent contact information. (*Id.*). Ms. Parsons complied with the Court's Order and filed an unopposed motion to withdraw. (Docs. 45, 46).

On April 6, 2026, the Court granted Ms. Parsons's motion to withdraw, notified Plaintiffs of the status of the case, and warned Plaintiffs that failure to respond to the Court's Order would result in the dismissal of the case. (Doc. 48). When Plaintiffs did not respond, the Court dismissed the case for failure to prosecute. (Doc. 49).

Capital's motion for sanctions (Doc. 26) is the last remaining matter in this case.

## DISCUSSION

The Court concludes that Capital's Motion for Sanctions (Doc. 26) is due to be denied because Ms. Parsons's only federal court filing addressing the merits of Plaintiffs' claims — her opposition to Capital's motion to dismiss (Doc. 12) — did not result in the continuation of this lawsuit.

"Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions against an attorney who files frivolous pleadings or motions." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022). A court may award Rule 11 sanctions where a party files a pleading or a motion that:

> (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.

*Id.* (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). In ruling on a motion for sanctions, a court must conduct a two-step inquiry as to "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker*, 156 F.3d at 524. "A factual claim is frivolous when it has no reasonable factual basis," and "[a] legal claim is frivolous when it has no reasonable chance of succeeding." *Gulisano*, 34 F.4th at 942.

"Where, as here, a case is removed from state court, Rule 11 does not apply to pleadings filed before removal." *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (citing *Griffen v. City of Okla. City*, 3 F.3d 336, 339 (10th Cir. 1993)). However, "any subsequent federal court filings, such as those in opposition to a motion to dismiss, are sanctionable if they resulted in the continuation of a baseless lawsuit." *Id.*

Ultimately, the decision whether to impose Rule 11 sanctions rests within the sound discretion of the district court. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003); *Trocano v. Vivaldi*, No. 25-11813, 2026 WL 446510, at *6–

7 (11th Cir. Feb. 17, 2026). While "[i]n a few older cases, [the Eleventh Circuit] has stated that district courts are required to impose Rule 11 sanctions in certain circumstances[,] . . . those cases were either based on (1) an outdated version of Rule 11 or (2) cases that relied on the outdated version of Rule 11." *Trocano*, 2026 WL 446510, at *7. Today's version of Rule 11 provides that a court "may" impose sanctions. Fed. R. Civ. P. 11(c)(1). Accordingly, "just because a district court can impose sanctions does not mean that the court is required to do so." *Trocano*, 2026 WL 446510, at *7.

Here, Capital is correct that Plaintiffs' claims were objectively frivolous and that the Timeshare Law Firm should have been aware of that fact. Numerous courts have already addressed these points while analyzing the Timeshare Law Firm's copy-paste complaints, so the Court need not reiterate their findings in detail here. *See, e.g.*, *Smith v. Westgate Resorts, Ltd.*, No. 6:25-cv-189-JA-LHP, 2026 WL 879663, at *4–6 (M.D. Fla. Mar. 31, 2026); *Cole v. Westgate Resorts, Ltd.*, No. 6:24-cv-01852-PGB-LHP (M.D. Fla. Dec. 16, 2025). Suffice it to say that the Timeshare Law Firm's attempted use of the Florida Rules of Civil Procedure to defend against the dismissal of Plaintiff's Complaint (Doc. 1-1) reflects the overall attention to detail that characterizes the remainder of its filings in this case. (*See* Doc. 12 at 2–6).

Despite this, however, the Court concludes that sanctions are not warranted in this case. None of Ms. Parsons's federal-court filings on behalf of the Timeshare Law Firm "resulted in the continuation of a baseless lawsuit." *See Worldwide*

*Primates, Inc.*, 26 F.3d at 1091. As previously noted, "Rule 11 does not apply to pleadings filed before removal." *Id.* Thus, the Court cannot consider the Timeshare Law Firm's initial filing of Plaintiffs' Complaint (Doc. 1-1) in Florida state court for purposes of Capital's motion for sanctions. Instead, Rule 11 sanctions can only be justified in this case based on "any subsequent federal court filings, such as those in opposition to a motion to dismiss . . . if [such filings] resulted in the continuation of a baseless lawsuit." *Worldwide Primates, Inc.*, 26 F.3d at 1091.

Here, Ms. Parsons's only filing in federal court that addressed the merits of Plaintiffs' claims was her response to Plaintiff's motion to dismiss (Doc. 12), and that response did not affect the continuation of this case. The Court dismissed Plaintiffs' Complaint entirely based on Plaintiffs' Complaint being a shotgun pleading (*see* Doc. 41), which Ms. Parsons never briefed in her response (*see* Doc. 12). And, after the Court dismissed Plaintiff's Complaint on shotgun pleading grounds, Ms. Parsons fully complied with the Court's Order directing her to file a notice with information about the Plaintiffs before the Court permitted her to withdraw from the case. (*See* Docs. 41, 45, 46, 48). No other attorney of the Timeshare Law Firm ever appeared in this case aside from Ms. Parsons. Accordingly, because no federal filing of Ms. Parsons or any other representative of the Timeshare Law Firm resulted in the continuation of this case, the Court concludes that sanctions are not warranted. *See Worldwide Primates, Inc.*, 26 F.3d at 1091.

Moreover, even if Ms. Parsons had opposed the dismissal of Plaintiffs' claims on shotgun pleading grounds, Rule 11(c)(4) provides that "[a] sanction . . . must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and the Court concludes that a monetary sanction would be too stringent of a penalty in this case.

The foregoing discussion is not to excuse the conduct of Ms. Parsons and the Timeshare Law Firm. "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). That principle applies with equal force here as it does in other cases. The volume of cases the Timeshare Law Firm has filed is a testament to the harm such filings can cause defendants. Nevertheless, the Court concludes that sanctions are not justified based on the procedural history of this case.

Accordingly, Defendant Capital Resorts Group, LLC's Motion for Sanctions (Doc. 26) is **DENIED.**

**ORDERED** in Tampa, Florida, on September 21, 2026.

John L. Badalamenti

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE